UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL LAWLER,<br><br>        Plaintiff,<br>   v.<br>VINCENT TARALLO,<br><br>        Defendant.<br>_____/ | No. C 13-03284 MEJ<br><br>**ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE**<br>[Dkt. No. 5] |

## I. INTRODUCTION

On July 15, 2013, Plaintiff Michael Lawler filed this action against Defendant Vincent Tarallo asserting claims concerning property in Nicaragua, known as the Marsella house. Compl., Dkt. No. 1. Plaintiff contends that he is the lawful owner of all improvements on the property and that Defendant unlawfully interfered with his ownership by taking physical possession of the property, thereby giving rise to claims for conversion and intentional interference with prospective business and economic advantage.

Defendant now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Dkt. No. 5. Plaintiff has filed an Opposition (Dkt. No. 17), and Defendant filed a Reply (Dkt. No. 32). Because the Court finds this matter suitable for disposition based on the parties' written submissions, and oral argument would not assist the Court in making its decision, the Court **VACATES** the hearing set for October 24, 2013. Civil L.R. 7-1(b). For the reasons set forth below, the Court **GRANTS** Defendant's Motion and **DISMISSES** this action for improper venue **WITHOUT PREJUDICE**.

## II. BACKGROUND

The relevant facts, taken from Plaintiff's Complaint, are as follows.

In 2006, Plaintiff and Kevin and Patricia Casey entered into an oral partnership for the purchase and development of real property in Nicaragua, which led to their purchase of the Marsella house located in San Juan del Sur, Nicaragua, sometime in 2007. Compl. ¶ 5. As described by Plaintiff, the Marsella house is a commercial property designed to be operated as a surf camp. *Id.* at 2. Pursuant to their partnership agreement, Plaintiff owned a 50% interest in the property and the Caseys owed a 50% interest. *Id.* ¶ 5. At some point thereafter, Plaintiff alleges that he paid for the construction of a Rancho, rooms, kitchen, walls, fences, landscaping, and a swimming pool on the property, totaling $60,000. *Id.* Plaintiff alleges that in September 2008, he terminated the partnership with the Caseys and filed and registered a preventative lien on the Marsella property and registered the property and improvements in his name in the office of the Registrar of Property in Nicaragua. *Id.* ¶ 6. A month later, in October 2008, the Caseys signed an agreement, known as a promise to sell, with Defendant, pursuant to which the Caseys agreed to sell their undivided interest in the Marsella house to Defendant for $200,000. *Id.* ¶ 7.

Subsequently, in January 2009, Plaintiff took possession of the Marsella house and "hired employees and contractors, built out the previously unfinished Marsella house, and purchased and installed furniture, fixtures, and materials necessary to operate a surf hotel, with an additional investment in excess of twenty five thousand dollars." *Id.* ¶ 8. Plaintiff thereafter notified Defendant via email of his ownership interest in the Marsella house real property and of all the improvements located therein. *Id.* ¶ 9.

In February 2009, Defendant filed a lawsuit in Nicaragua against the Caseys and Plaintiff, asserting his ownership of the undivided interest in the real property and requesting the right to intervene in a case filed by Plaintiff in Nicaragua to terminate the partnership between Plaintiff and the Caseys. *Id.* ¶ 10. The court denied Defendant's request. *Id.*

Plaintiff alleges that on December 10, 2010, Defendant completed the purchase of the Caseys interest in the real property, but did not purchase the improvements, inventory, fixtures, or materials

owned by Plaintiff for use in operating a surf hotel. *Id*. ¶ 11. Thereafter, on December 17, 2010, Plaintiff obtained an order from the civil judge in Rivas, Nicaragua, reinstating his original liens and invalidating liens filed by the Caseys on October 10, 2010 on the Marsella real property, served the order reinstating his liens on the occupants, and installed his employees as security guards. *Id*. ¶ 12.

Plaintiff alleges that on December 23, 2010, Defendant, who was in Illinois, contacted the Caseys in California and requested that they act as his agent to remove Plaintiff and his agents and employees from the Marsella house. *Id.* at 3 & ¶ 12. The Caseys, in turn contacted by phone from California their agents and employees in Nicaragua, who instructed their agents to physically remove Plaintiff's employees from the Marsella house by force or threat of force. *Id*. ¶ 12. Plaintiff alleges that, later that day, "acting under the direction and control of the [D]efendant's agents in California, a band of men wielding machetes entered the Marsella real property and removed [P]laintiff's employees by threat of force," causing Plaintiff's employees to vacate the property. *Id*.

Plaintiff avers that Defendant and his agents and employees have occupied the Marsella house and improvements since December 23, 2010, and have removed Plaintiff's personal property, thereby depriving Plaintiff of the use and enjoyment of his property and premises and interfering with his ability to operate his business on the Marsella house premises. *Id*. at 3 & ¶ 12.

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue. When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Id*. Once the defendant has challenged the propriety of venue in a given district, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir. 1979). Facts supporting venue may be established through evidence outside of the pleadings, such as affidavits or declarations. *Arqueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Pursuant to 28 U.S.C. § 1406(a), if the Court determines that venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue

3

to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Pursuant to the general federal venue statute, 28 U.S.C. § 1391(b), a civil action may be filed in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Plaintiff has alleged venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of California." Compl. at 3, ¶ 2. Particularly, he alleges that, "Defendant purposefully directed his activities to citizens and residents of the State of California and this District." *Id*. at ¶ 2.

## IV. DISCUSSION

In his Motion, Defendant contends that Plaintiff's attempt to lay venue in this District pursuant to § 1391(b)(2) fails because the allegations in his Complaint demonstrate that California has little, if any, connection to Plaintiff's two tort claims. Mot. at 2-3. Rather, Defendant argues that "this case is entirely about the plaintiff's claims to the ownership of a real property, fixtures and personal property located in the country of Nicaragua." *Id*. at 3. He therefore urges the Court to dismiss this action for improper venue. Plaintiff, however, maintains that he has sufficiently alleged that "[D]efendant communicated with his agents in California and directed them to handle a problem in Nicaragua that had an effect in Nicaragua and ultimately in California." Opp. at 2. He therefore argues that venue is proper in this District. The Court, however, agrees with Defendant.

"Under 28 U.S.C. § 1391(a)(2), it is not necessary that a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the best venue, rather plaintiff[ ] must show that a substantial part of the events giving rise to [its] claims occurred in the chosen district." *Kelly v. Qualitest Pharm., Inc*., 2006 WL 2536627, at *8 (E.D. Cal.

Aug. 31, 2006) (citing *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003)) (quotations omitted). "That means, for venue to be proper, *significant* events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in original). "Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (3rd Cir. 2003). Since the events or omissions giving rise to the plaintiff's claim must be substantial, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). This is because "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* Further, in determining whether events or omissions are sufficiently substantial to support venue under § 1391(a)(2), the court should generally focus on activities of the defendant and not the activities of plaintiff. *Kelly*, 2006 WL 2536627, at *8 (citing *Jenkins Brick Co. v. Brick*, 321 F.3d 1366, 1371-72 (11th Cir. 2003)).

As indicated above, Plaintiff is asserting state law claims for conversion and intentional interference with prospective business and economic advantage. Compl. at 6-7. Under California law, to succeed on a conversion claim, a plaintiff must prove: (1) ownership or a right to possession of property; (2) wrongful disposition of the property right; and (3) damages. *J&J Sports Productions, Inc. v. De la Cerda*, 2013 WL 5670877, at *8 (E.D. Cal. Oct. 16, 2013) (citing *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992)). To prevail on a claim for intentional interference with prospective economic advantage in California, a plaintiff must establish: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1108 (9th

5

Cir. 2007) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)).

Reviewing Plaintiff's Complaint and Opposition, the Court finds that Plaintiff has failed to demonstrate that a substantial part of the events or omissions giving rise to either of his claims occurred in Northern California. As Defendant points out, the only event Plaintiff has alleged as occurring in Northern California is that after Defendant purportedly called the Caseys in California, the Caseys – from California – called their agents and employees in Nicaragua and directed them to physically remove Plaintiff's employees from the Marsella house. Compl. ¶ 12. Notably, the Caseys are not named defendants in this action and Plaintiff has not alleged that it was the Caseys who sought to deprive Plaintiff of his property interests. Instead, the conduct giving rise to Plaintiff's claim arose from Defendant purportedly calling the Caseys from Illinois after being notified that Plaintiff had reinstated his liens and requesting that Plaintiff be removed from the property. *Id*. at 3 & ¶ 12. Plaintiff then alleges that the Caseys – acting as Defendant's agent – arranged to have Plaintiff's employees removed from the premises. *Id*. Significantly, the event that resulted in Plaintiff's alleged loss of his personal property occurred in Nicaragua, when individuals actually ousted Plaintiff's employees from the Marsella house. *Id*. ¶¶ 15, 22. Further, the basis for Plaintiff's claims stems from his alleged ownership of the personal property and fixtures located at the Marsella house and his ownership interest in the real property. *Id. ¶¶ 6*, 9, 11, 14. According to Plaintiff's allegations, these rights are established under Nicaraguan law. *Id*. ¶ 6, 14. Specifically, Plaintiff alleges that "under Nicaraguan [l]aw, having paid the appropriate transfer taxes and establishing his payment for the improvements to the satisfaction of the Office of the Registrar, [Plaintiff] was the registered owner of all improvements to the real property known as the Marsella house . . . ." *Id. ¶* 14. Thus, the foregoing allegations fail to demonstrate that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Northern California.

Nevertheless, Plaintiff argues that Defendant targeted his action at Plaintiff in California. In tort actions, "the locus of the injury [is] a relevant factor" in determining whether venue is proper. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001). Here, the property and business that Plaintiff contends was converted and interfered with is located in Nicaragua. The fact that

1 Plaintiff may have incurred damages in California – even if a relevant factor – is not enough, standing
2 alone, to demonstrate that a substantial part of the events giving rise to his claims occurred in this
3 District.[1]  Instead, as outlined above, the significant events that gave rise to Plaintiff's two tort claims
4 occurred in Nicaragua and Illinois.  The single event alleged to have occurred in California is
5 tangential at best and is insufficient to meet Plaintiff's burden.  The Court therefore finds that
6 Plaintiff has failed to establish that venue is proper in the Northern District of California under §
7 1391(b)(2).

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss for
Improper Venue and **DISMISSES** this action **WITHOUT PREJUDICE** to Plaintiff refiling the
action in a proper venue.  Dkt. No. 5.  Further, because this Motion is dispositive of the action, the
Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss for Lack of Personal
Jurisdiction (Dkt. No. 4) and his Motion to Dismiss for Failure to State a Claim (Dkt. No. 6).

**IT IS SO ORDERED.**

Dated: October 23, 2013

_____
Maria-Elena James
United States Magistrate Judge

---

[1] It is unclear whether Plaintiff was residing in California at the time his property rights were allegedly violated.  Defendant contends that Plaintiff moved to California after the alleged torts were completed.  Reply at 3.